Presented to the Court by the foreman of the Grand Jury in open Court, in the presence of the Grand Jury and FILED In The U.S. DISTRICT COURT at Seattle, Washington.

APRIL 26, 20 06

BRUCE RIFKIN, Clerk

By _____ Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR06 0137 RSM |
| Plaintiff, | |
| v. | INDICTMENT |
| LENNIE LAMONT HENNINGS, and YVON LAFAYE HENNINGS, |  |
| Defendants. | 06-CR-00137-INDI |

The Grand Jury charges that:

## COUNT ONE

(Conspiracy to Commit Wire Fraud and Access Device Fraud)

**A.    The Offense.**

1. Beginning at date uncertain, but sometime in or about December 2003, and continuing through on or about January 5, 2005, at Renton, within the Western District of Washington and elsewhere, LENNIE LAMONT HENNINGS, YVON LAFAYE HENNINGS, and others known and unknown, did knowingly and willfully conspire, combine, confederate and agree to commit offenses against the United States, to wit:

    a. To devise and execute a scheme and artifice to defraud for obtaining money and property by means of false and fraudulent pretenses, representations, and promises; and for the purpose of executing and attempting to

1 execute this scheme and artifice to defraud, to knowingly transmit, and cause to be
2 transmitted, in interstate commerce by means of wire communication, certain signs,
3 signals and sounds, knowing full well that the pretenses, representations and promises
4 were false, in violation of Title 18, United States Code, Section 1343 (Wire Fraud);
5 and

6     b.   To knowingly and with the intent to defraud, effect transactions
7 with one or more access devices as defined in Title 18, United States Code, Section
8 1029(e)(1), that were issued to other persons, and through such unauthorized
9 transactions affecting interstate commerce, obtain money and other things of value
10 equal to or greater than $1,000 during a one-year period, in violation of Title 18,
11 United States Code, Sections 1029(a)(5), and (c)(1)(A)(ii).

12 **B.**   **The Object of the Conspiracy**.

13   2.   The object of the conspiracy was to fraudulently obtain cash and other
14 things of value from financial institutions and merchants by fraudulently obtaining
15 personal and financial information about real individuals, including but not limited to
16 credit card numbers belonging to real individuals; and to use said personal information
17 to effect credit card transactions by means of interstate wire communications over the
18 Internet, to purchase merchandise, gift certificates and gift cards, and other items of
19 value from banks, merchants, and other entities.

20 **C.**   **The Manner and Means of the Conspiracy**.

21   3.   It was part of the conspiracy that at all times relevant to this indictment
22 YVON LAFAYE HENNINGS was employed by a company named Med Data as a
23 billing manager and office supervisor. Med Data is a company that performs billing
24 and coding services for emergency room physicians. As part of its business, Med Data
25 routinely process payments by individual patients for services provided by emergency
26 room physicians. These patients often pay by credit card. As part of her duties with
27 Med Data, YVON LAFAYE HENNINGS had access to business records containing
28 personal information regarding patients, including their credit card numbers.

4. It was further part of the conspiracy that YVON LAFAYE HENNINGS would obtain credit card information about patients, without legal authorization and in violation of her employer's policies, and provide them to her brother and co-conspirator LENNY LAMONT HENNINGS. The individuals whose credit card numbers were wrongfully obtained by YVON LAFAYE HENNINGS and provided to LENNY LAMONT HENNINGS include but are not limited to the following: R.L., S.W., M.M., K.V., R.M., M.P., K.C., A.T., S.P., H.S., J.S., J.L., C.M., D.M., T.H., M.H., K.M., B.S., H.B., J.K., A.M., S.A., S.C., T.C., W.S., M.S., E.B., J.H., B.M., and D.H.

5. It was further part of the conspiracy that LENNY LAMONT HENNINGS would wrongfully and fraudulently use the credit card numbers belonging to these individual patients to purchase items using wire communications, to wit, the Internet. Representative examples include, but are not limited to, the following:

a. On or about September 19, 2004, LENNY LAMONT HENNINGS fraudulently purchased four separate items from the Home Shopping Network website over the Internet with a total value of $473.46, using a credit card issued to R.L. R.L. did not authorize the transaction.

b. On or about October 7, 2004, LENNY LAMONT HENNINGS fraudulently purchased a $250.00 gift card from Restaurants Unlimited over the Internet using a credit card issued to R.L. R.L. did not authorize the transaction.

c. On or about December 12, 2004, LENNY LAMONT HENNINGS fraudulently purchased a $300.00 gift card from Hancock Fabrics over the Internet using a credit card issued to B.M. B.M. did not authorize the transaction.

d. On or about December 20, 2004, LENNY LAMONT HENNINGS fraudulently purchased a $400.00 gift card over the Internet from The Sharper Image using a credit card issued to S.C. S.C. did not authorize the transaction.

6. It was further part of the conspiracy that LENNY LAMONT HENNINGS would cause the items he purchased to be shipped in various alias names to his home in

INDICTMENT/HENNINGS - 3

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1  Renton, Washington, to his workplace in Seattle, Washington, or to other addresses for
2  his benefit. Representative examples include the following:
3        a.    The items purchased from the Home Shopping Network website on
4  or about September 19, 2004 using R.L.'s credit card were all delivered to LENNY
5  LAMONT HENNINGS' residence in Renton, Washington.
6        b.    The Restaurants Unlimited gift card purchased on or about
7  October 7, 2004 using R.L.'s credit card was delivered to LENNY LAMONT
8  HENNINGS' residence in Renton, Washington.
9        c.    The Hancock Fabrics gift card purchased on or about
10 December 12, 2004 using B.M.'s credit card was delivered to LENNY LAMONT
11 HENNINGS' residence in Renton, Washington.
12       d.    The Sharper Image gift card purchased on or about
13 December 20, 2004, using S.C.'s credit card was delivered to LENNY LAMONT
14 HENNINGS' workplace in Seattle, Washington.

**D.    Overt Acts of the Conspiracy.**

16    7.   In furtherance of the conspiracy, and to accomplish one or more of its
17 objects, the following overt acts were committed by one or more of the conspirators:
18       a.    On or about September 19, 2004, LENNY LAMONT HENNINGS
19 fraudulently purchased four separate items from the Home Shopping Network website
20 over the internet with a total value of $473.46, using a credit card issued to R.L.  R.L.
21 did not authorize the transaction.
22       b.    On or about October 7, 2004, LENNY LAMONT HENNINGS
23 fraudulently purchased a $250.00 gift card from Restaurants Unlimited over the
24 Internet using a credit card issued to R.L.  R.L. did not authorize the transaction.
25       c.    On or about December 12, 2004, LENNY LAMONT
26 HENNINGS, fraudulently purchased a $300.00 gift card from Hancock Fabrics over
27 the Internet using a credit card issued to B.M.  B.M. did not authorize the transaction.
28

1          d.     On or about December 20, 2004, LENNY LAMONT HENNINGS
2   fraudulently purchased a $400.00 gift card over the Internet from The Sharper Image
3   using a credit card issued to S.C. S.C. did not authorize the transaction.
4       All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

### (Access Device Fraud)

At an exact time unknown, but beginning in or about December 2003, and continuing until in or about December 2004, at Renton within the Western District of Washington and elsewhere, YVON LAFAYE HENNINGS and LENNIE LAMONT HENNINGS, knowingly and with the intent to defraud did effect transactions with one or more access devices as defined in Title 18, United States Code, Section 1029(e)(1), that were issued to other persons, including but not limited to the following:

| Person to Whom Credit Issued | Merchant/Creditor | Amount of Purchase or Attempted Purchase |
|---|---|---|
| T.H. | Jos A. Bank Catalog | $244.96 |
| D.M. | Lands End | $201.26 |
| W.S. | Bed, Bath & Beyond | $200.00 |
| K.C. | Brylane Homes | $176.95 |
| A.T. | Cheesecake Factory | $200.00 |
| K.V. | Sharper Image | $200.00 |
| C.M. | Gap Online | $200.00 |
| J.S. | Gap Online | $200.00 |
| R.L. | Bed, Bath & Beyond | $300.00 |
| R.M. | Hancock Fabrics | $212.95 |
| M.P. | J.Crew | $300.00 |
| J.L. | Bed Bath & Beyond | $350.00 |
| B.M. | Hancock Fabrics | $300.00 |

/ / /

INDICTMENT/HENNINGS - 5

1  and through such unauthorized transactions affecting interstate commerce, YVON
2  LAFAYE HENNINGS and LENNIE LAMONT HENNINGS did obtain money and
3  other things of value equal to or greater than $1,000 during a one-year period.
4      All in violation of Title 18, United States Code, Sections 1029(a)(5),
5  (c)(1)(A)(ii) and 2.

## COUNT THREE

(Aggravated Identity Theft)

8  On or about September 19, 2004, within the Western District of Washington,
9  LENNIE LAMONT HENNINGS knowingly transferred, possessed and used, without
10 lawful authority, a means of identification of another person, that is, a credit card
11 number issued to R.L. by USAA Savings Bank, xxxx-xxxx-xxxx-4545, during and in
12 relation to a felony listed in Title 18, United States Code, Section 1028A(c), to wit:
13 Access Device Fraud in violation of Title 18, United States Code, Section 1029, as
14 alleged in Count Two.
15     All in violation of Title 18, United States Code, Section 1028A.

A TRUE BILL:

DATED: April 26, 2006
Signature redacted pursuant to
Policy of Judicial Conference

FOREPERSON

JOHN McKAY
United States Attorney

ANNETTE L. HAYES
Assistant United States Attorney

VINCENT T. LOMBARDI
Assistant United States Attorney